IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE LAGARES,** *et al.*, <br> Plaintiffs, <br><br> v. <br><br> **SETH ELLIOT MILLER,** *et al.*, <br> Defendants. <br><br> ――――――――――――――― <br><br> **JUANITA MERCADO,** <br> Plaintiff, <br><br> v. <br><br> **AIRWAY SERVICES INC.,** *et al.*, <br> Defendants. | Civil No. 20-cv-1435 (BJM) <br><br> Civil No. 20-cv-1489 (BJM) |

**OPINION AND ORDER**

Plaintiffs Jose Lagares ("Lagares"); Josefina Maldonado ("Maldonado"); Erick Padilla ("Padilla"); Jose Raul Molina Gonzalez ("Molina"); Mayra J. Padilla Jordan ("Padilla"); EPL and DPL, two minor children represented by Molina and Padilla; and the conjugal partnership Molina-Padilla ("the conjugal partnership") filed an amended complaint for damages arising from a car accident in Juana Diaz, Puerto Rico against Seth Elliot Miller ("Miller"); Airway Services, Inc. ("Airway"); Airway Services Puerto Rico, LLC ("Airway Puerto Rico"); Liberty Mutual ("Liberty"); Federal Insurance Company ("Federal Insurance"); and Endurance Assurance Company ("Endurance"). Dkt. 62. Alleging damages arising from the same incident, Juanita Mercado ("Mercado") sued the same defendants as well as American International Insurance Company ("American International"), AIG Insurance Company–Puerto Rico ("AIG Puerto Rico"), and additional unnamed defendants. Dkts. 38, 61; *See also Mercado v. Airway Serv's Inc., et. al*, 20-CV-1489-BJM. After a joint motion by the parties, this court consolidated the two cases. Dkt. 46. In their amended complaints, Plaintiffs and Mercado seek damages under Puerto Rico

Civil Code Article 1802, 31 L.P.R.A. § 5141, and Article 1803, 31 L.P.R.A. § 5142. Dkts. 61, 62. They further assert Airway is liable under Puerto Rico Law 230, 9 L.P.R.A. § 5621, as the owner of the vehicle Miller was driving at the time of the accident. *Id.* After a joint stipulation by the parties, this court dismissed Plaintiffs' and Mercado's claims against Airway Puerto Rico and Mercado's claim against AIG Puerto Rico. Dkt. 93. Accordingly, this court has diversity jurisdiction. This case is before me on consent of the parties. Dkts. 39, 41, 49.

Airway moved for summary judgment, Docket No. ("Dkt.") 105, and filed a proposed Statement of Uncontested Material Facts ("SUMFs") with exhibits. Dkt. 106. Plaintiffs opposed Airway's SUMFs, Dkt. 114, and motion for summary judgment. Dkt. 115. Mercado joined both oppositions. Dkt. 116. Plaintiffs later filed a clarification regarding an incorrect citation in their motion accompanied by a new copy of an exhibit. Dkt. 121. Airway replied to Plaintiffs' opposition to its motion for summary judgment, Dkt. 128, and its proposed SUMFs. Dkt. 130. Plaintiffs surreplied, Dkt. 144, and Mercado joined. Dkt. 145. Plaintiffs and Mercado subsequently refiled their surreply and joinder. Dkts. 149, 151.

After Airway moved for summary judgment, Endurance and Federal Insurance adopted Airway's motion and SUMFs. Dkts. 107, 108. Plaintiffs and Mercado opposed. Dkts. 122, 125. Endurance and Federal Insurance replied, Dkts. 129, 143, and Plaintiffs surreplied. Dkt. 148.

For the reasons discussed below, Airway's motion for summary judgment is **GRANTED in part and DENIED in part.**

## BACKGROUND

The following facts are drawn from the parties' Local Rule 56 submissions and presented in the light most favorable to the nonmoving party. *See, e.g.*, *In re Oak Knoll Assocs., L.P.*, 835 F.3d 24, 29 (1st Cir. 2016). I have omitted portions of the proposed facts that state conclusions of

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 3 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                           3
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

law or that I deem irrelevant, but I otherwise resolve any conflicts between the parties' versions of events in favor of Plaintiffs and Mercado.

Miller began working as a Wind Turbine Technician at Airway in March 2018. Defs.' SUMFs ¶ 1. His duties included providing on-site maintenance and repair services for wind turbines. *Id.* ¶ 3. Airway transferred him to Puerto Rico in April 2019. *Id.* ¶ 1. During his stay, Miller lived in a rented house in Guayama. Pls.' SUMFs ¶ 22. Further, he obtained a Dodge Ram 1500 pickup truck from an Enterprise rental car location in Carolina. *Id.* ¶ 13. Miller contacted his supervisor to obtain Airway's approval before renting the vehicle, Dkt. 106-1 at 10:8–10, and Airway paid for the vehicle rental, Dkt. 106-4 at 3. Miller obtained the Dodge Ram because Airway did not own any vehicles in Puerto Rico. Dkt. 114-1 at 12:14–21. He used it to drive to and from his job in Puerto Rico. Pls.' SUMFs ¶ 6. Given that he needed to commute from his house in Guayama to his worksite in Santa Isabel, and no alternative transportation was apparently available, Miller was obligated to take the vehicle home to perform his duties. Dkt. 106-1 at 14:14–15; Dkt. 114-1 at 8–9.

When he obtained the Dodge Ram, Miller signed a Rental Agreement with Enterprise. *See* Dkt. 106-4. Miller signed the document's first page in three places and initialed it in four. *Id.* at 1. The phrase "Renter's Rep." appears next to two of his three signatures and all of his initials. *Id.* The word "Renter" appears next to one of his signatures. *Id.* On the following page, Miller is twice-more identified as the renter's representative. *Id.* at 2. On the final page, Enterprise input Miller's driver's license number and his name under the word "Renter" and identified Airway as the entity to be billed. *Id.* at 3.

Back in 2014, Airway and Enterprise signed a Global Corporate Services Agreement ("Services Agreement"). Dkt. 106-3. Since then, they have executed five amendments to this

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 4 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)  4
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

agreement, one of which occurred after the relevant dates in this case. *Id.* The Services Agreement states that if its terms conflict with those in a Rental Agreement, the Service Agreement's terms prevail. *Id.* at 33. Under the Services Agreement, Enterprise agreed to make vehicles available to "Eligible Renters" at stipulated rates. *Id.* at 20. The Services Agreement referred to "Eligible Renters" using male and female pronouns. *Id.* at 3. Miller's Rental Agreement displays the same account number as the Services Agreement. *Compare* 106-4 at 3 *with* 106-3 at 1. Miller testified he understood the Services Agreement to control the terms of his rental arrangement, which was made through Airway's account. Dkt. 106-1 at 12:2–23. Airway was required to insure vehicles rented by "Eligible Renters" per the terms of the Services agreement. Dkt. 106-3 at 23.

On October, 5, 2019, Miller left his rented house in Guayama to buy a knife sharpener at the Plaza del Caribe mall in Ponce, Puerto Rico. Pls.' SUMFs ¶ 21. Miller testified he made the trip because he noticed his knives were dull while preparing dinner for himself the previous evening. Dkt. 106-1 at 13:23–16:4. He was not scheduled to work on October 5 and was not on call that day. Pls.' SUMFs ¶ 24. While returning to Guayama, he collided with a Volkswagen Jetta parked in the emergency lane km 89.4 of Highway 52 in Juana Diaz. *Id.* ¶ 22. Erick Padilla and Griselle Lagares, who were inside the parked Volkswagen Jetta, died in the crash. Dkt. 105 at 2; Dkt. 115 at 1. Airway and its insurers concede that Miller caused the accident. Defs.' SUMFs ¶ 30.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if

it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Airway and its insurers, Endurance and Federal Insurance, moved for summary judgment arguing (1) Airway is not vicariously liable for Miller's actions as his employer and (2) Airway is not liable as the Dodge Ram's "owner" under a Puerto Rico law treating car renters as owners responsible for tortious acts involving the vehicle because Miller, not Airway, rented the truck Miller was driving when the accident occurred. Dkt. 105. Plaintiffs and Mercado (collectively "Plaintiffs" for the remainder of this discussion) dispute both claims. Dkts. 115, 116. I discuss each contention below. I find Airway is entitled to summary judgment on the vicarious liability theory, but not the on statutory liability theory. Because I deny Airway's motion for summary

judgment regarding one of Plaintiffs claims, I find its insurers are not entitled to summary judgment.

**I.  Airway**

**A. Vicarious Liability**

In cases arising under diversity jurisdiction, "state law controls the substantive outcome." *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (1st Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938)) (applying Puerto Rico's negligence and vicarious liability statutes to determine damages arising from a car accident). Article 1802 of the Puerto Rico Civil Code imposes liability on "[a] person who by an act or omission causes damage to another through fault or negligence." 31 L.P.R.A. § 5141. When Puerto Rico amended its Civil Code in 2020, Article 1802 became Article 1536. *Id.* § 10801. However, the pre-2020 Civil Code governs this case because it was in effect when the car accident at issue here occurred in 2019. *See Quiles v. United States*, 2021 WL 5762950, at *1 n.1 (D.P.R. Dec. 3, 2021).

"As a general rule, a person is only liable for his own acts or omissions and only by exception is a person liable for the acts or omissions of others." *Ocasio v. Hogar Geobel Inc.*, 693 F. Supp. 2d 167, 178 (D.P.R. 2008) (citing *Vélez v. Llavina*, 18 D.P.R. 656 (1912)). However, under Article 1803 of Puerto Rico's Civil Code, "owners or directors of an establishment or enterprise can be liable for damages caused by their employees in the course of their employment." 31 L.P.R.A. § 5142; *see also Vernet v. Torres*, 740 F. Supp. 2d 280, 286–87 (D.P.R. 2010). This is known as vicarious liability or respondeat superior. *Bauzo Vazquez v. Oleas*, 2018 WL 10562064, at *8 (D.P.R. Dec. 10, 2018). Similar to Article 1802, Article 1803 became Article 1540 when Puerto Rico adopted its new Civil Code. *See* 31 L.P.R.A. § 10805. However, as discussed above, the previous Puerto Rico Civil Code governs this case.

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                7
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

To impose employer liability under the doctrine of respondeat superior in Puerto Rico, a court must find: (1) the desire to serve, benefit, or further the employer's business or interest; (2) that the act in question be reasonably related to the scope of the employment; and (3) that the agent has not been prompted by purely personal motives. *Borrego v. United States*, 790 F.2d 5, 7 (1st Cir. 1986) (quoting *Rodriguez v. United States*, 328 F. Supp. 1389, 1391 (D.P.R. 1971), *aff'd*, 455 F.2d 940 (1st Cir. 1972)) (quotations omitted). The fundamental consideration is whether an employee's acts "furthered a desire to serve and benefit the employer's interest, resulting in an economic benefit to the employer." *Id.* (citing *Martínez v. Comunidad Mateo Fajardo*, 90 D.P.R. 461 (1964); *Lloréns v. Lozada*, 73 P.R.D. 271 (1952); *Meléndez-Colón v. United States Dep't of the Navy*, 56 F. Supp. 2d 147 (D.P.R. 1999)). The parties both contend that two First Circuit cases, *Borrego* and *Vernet*, and one case from this court, *Bauzo Vazquez*, warrant interpreting the facts in their favor. Dkt. 105 at 7–9; Dkt. 115 at 5–12. According, I turn to those cases.

In *Borrego*, a U.S. Department of Agriculture employee crashed his government-owned vehicle into another car while driving from his home to his office. 790 F.2d at 6. After noting the general rule in Puerto Rico that an employer is not liable for an employee's acts while driving to and from work, the court examined whether the facts of this case warranted an exception to that rule. *Id.* at 7. The court found the employee had been assigned a vehicle and allowed to keep it at home because he needed it to perform farm inspections at odd hours and the government parking facility was easily accessible only between 6:00 a.m. and 6:00 p.m. *Id.* Because the employee's use of the assigned vehicle was an essential part of his work and he was obligated to take it home to perform his duties more effectively, the First Circuit found his employer principally benefitted from the more efficient use of the employee's time. *Id.* at 7. Accordingly, the court denied

summary judgment for the employer after finding it would be inequitable to force the employee to assume personal responsibility for the accident. *Id.* at 8.

The *Vernet* court denied an employer's motion to dismiss after examining whether an employee was acting within the scope of his employment at the time of a car accident and finding it could reasonably infer that the employee's use of his personal vehicle was done with his employer's economic interest in mind. 566 F.3d at 261–62. It arrived at this conclusion despite finding the complaint was unclear regarding the extent to which the employer relied on the employee's use of his car and did not state whether the employee was driving the car home after attending an employer-sponsored Christmas party. *Id.* The *Vernet* court also found the vehicle was insured by the employer's insurance, which suggested the employer accepted some level of responsibility for the vehicle and that the car was pertinent to the employee's job. *Id.* Later, this court recommended denying summary judgment after finding the employee had used the car once the day of the accident to travel to between work activities and often used the car for such purposes. *Vernet v. Serrano Torres*, 2011 WL 13286676, at *5 (D.P.R. Feb. 7, 2011). After noting the record also lacked evidence regarding the employee's destination at the time of the accident, Judge Dominguez adopted that recommendation. *Vernet v. Serrano Torres*, 2011 WL 13286701, at *8 (D.P.R. Mar. 17, 2011) (finding employee's destination was relevant and potentially outcome-determinative).

In *Bauzo Vazquez*, this court granted summary judgment for an employer arguing it bore no vicarious liability for an employee's car accident after the employee left his worksite, a hotel, around 6:00 p.m. attended a social event at a restaurant which he left between 10:00 and 10:30 p.m., and subsequently collided with oncoming traffic while driving on the wrong side of a highway at approximately 12:30 a.m. the next morning. 2018 WL 10562064, at *7, 9. The *Bauzo*

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 9 of 20

Lagares et al. v. Seth Elliot Miller, et al., Civil No. 20-1435 (BJM)                                    9
Mercado v. Airway Services Inc., et al., Civil No. 20-1489 (BJM)

*Vazquez* court observed the employee did not attend any social event during his shift at the hotel, his employer did not sponsor the restaurant social event, the employee did not attend the restaurant social event at his employer's request, and the employee drove his private car during the relevant events. *Id.* at *9. Though the employee worked as the hotel's Beverage Manager, and the event was hosted by one of the hotel's beverage suppliers, this court refused to assume, without more, that the employee's attendance evidenced his desire to serve and benefit his employer's interest. *Id.* Citing *Borrego*, it also noted there was no evidence that the employee's car belonged to the employer, was an essential part of his employment, or was insured by the employer. *Id.* Accordingly, it granted summary judgment in the employer's favor. *Id.*

Given this caselaw, I conduct the *Borrego* inquiry by examining whether Miller (1) used a vehicle insured or owned by Airway (2) used that vehicle as an essential part of his work; (3) was obligated to take the vehicle home to perform his duties more effectively; (4) acted within the scope of his employment at the time of the accident; and (5); used the vehicle at the time of the accident to further a desire to serve and benefit Airway, resulting in a benefit to Airway. This final question is the "fundamental consideration" under the Borrego inquiry. 790 F.2d at 7.

While Enterprise owned the vehicle Miller was driving, Dkt. 121-1 at 3, Airway was required to insure it per the terms of its Services Agreement with Enterprise. Dkt. 106-3 at 23. The vehicle was essential to Miller's work because, like the inspector in *Borrego* who used his vehicle to travel to farms, Miller used his vehicle to drive to and from work. Pls.' SUMFs ¶ 6. Given that he needed to commute from his house in Guayama to his worksite in Santa Isabel, and no alternative transportation was apparently available, Miller was obligated to take the vehicle home to perform his duties. Dkt. 106-1 at 14:14–15; Dkt. 114-1 at 8–9. However, no evidence suggests Miller was acting within the scope of his employment at the time of the accident nor that he used

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 10 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                               10
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

the vehicle anytime that day with Airway's interest in mind. Unlike the employee in *Borrego*, Miller was driving neither to nor from a worksite at the time of the accident. Pls.' SUMFs ¶¶ 21, 22. And unlike in *Vernet*, it is undisputed that Miller was not using the vehicle to attend an employer-sponsored event or party that day. *See* 2011 WL 13286676, at *2. At the time of the accident, Miller was driving the vehicle back from the mall where he purchased a kitchen knife for his personal use. Pls.' SUMFs ¶¶ 21, 22. Further, he was not scheduled to work that day and was not on call. Pls.' SUMFs ¶ 24. Given Miller's undisputed testimony that he was returning from buying a knife sharpener at the time of the accident, Dkt. 106-1 at 13:23–16:4, Miller was not motivated by a desire to serve Airway when the accident occurred and his actions did not result in an economic benefit to Airway. Accordingly, Plaintiffs failed to satisfy the *Borrego* inquiry.

The *Borrego*, *Vernet*, and *Bauzo Vazquez* courts all indicate that an employee must at least be driving to or from work for an employer to be held liable for a car accident. After noting Puerto Rico's general rule that an employee's commute does not fall within the course of employment, the *Borrego* court ultimately found the employer there might be liable because it benefited from the employee's use of its vehicle on trips to and from work. 790 F.2d at 7 (citing *Atiles v. Industrial Commission*, 72 P.R.R. 390, 392 (1951)). In *Vernet*, this court noted that whether an employee was driving to or from a work function was a relevant and potentially outcome-determinative factor in the scope of employment analysis. 2011 WL 13286701, at *8 (citing *Vernet*, 566 F.3d at 262. Lastly, the *Bauzo Vazquez* court granted an employer's summary judgment motion after finding the employee involved in a drunk-driving accident was not leaving a work-related event and was not intoxicated when he left work earlier that evening. 2018 WL 01562064, at *9–10.

By contrast, Plaintiffs point to no authority supporting their contention that an employer is vicariously liable for an employee's actions when that employee is driving a vehicle for purely

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 11 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                    11
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

personal purposes. And though *Borrego* supports holding employers vicariously liable when the employee's trip somehow benefits the employer, Plaintiffs have articulated no plausible explanation of how Miller's trip to buy a kitchen knife on his day off benefitted Airway. Relevant authority points in the opposite direction. *See, e.g.*, *Meléndez-Colón*, 56 F. Supp. 2d at 150–151 (dismissing compliant after finding that U.S. Navy did not benefit from captain's "purely personal" off-base trip to local bars in an assigned vehicle).

Plaintiffs protest that I should not look to *Meléndez-Colón* because Airway did not cite that case in its original motion for summary judgment. Dkt. 144 at 1. However, I granted Plaintiffs' motion to file a surreply to address Airway's newly cited authority. Dkt. 147. Plaintiffs then argued the U.S. Navy Captain in *Meléndez Colón* was not authorized to take his vehicle off-base, his bar crawl offered no obvious benefit to his employer, and there was no evidence taking the vehicle off-base was part of his essential duties. Dkt. 144 at 2. Though true, none of that meaningfully distinguishes *Meléndez Colón* from this case. While Miller was allowed to use his vehicle for personal needs, his shopping trip offered no benefit to his employer and there is no evidence that buying a kitchen knife for his personal use was part of his essential duties. Because Miller's actions were not motivated "at least in part, with the purpose of serving his employer," they did not fall within the scope of his employment. *See Meléndez Colón*, 56 F. Supp. 2d at 151 (finding motivation to serve employer a requirement under the analysis) (citing *Attallah v. United States*, 955 F.2d 776, 781 (1st Cir. 1992)) (further citation omitted).

Next, Plaintiffs seek to distinguish another case Airway cited in its reply, *Merlonghi v. United States*, 620 F.3d 50 (1st Cir. 2010). Dkt. 144 at 2–4. Plaintiffs argue *Merlonghi* does not support granting summary judgment here. I disagree. *Merlonghi* arose out of a Massachusetts road-rage incident involving a federal employee driving home from work in his government vehicle. *Id.*

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 12 of 20

Lagares et al. v. Seth Elliot Miller, et al., Civil No. 20-1435 (BJM)                            12
Mercado v. Airway Services Inc., et al., Civil No. 20-1489 (BJM)

at 56. The First Circuit found the officer's duties investigating crime using his computer-forensic skills did not involve endangering the public by unholstering his gun, making threatening gestures, and driving dangerously on his commute home. *Id.* Similarly, Miller's duties repairing wind turbines did not include driving to the mall to buy personal kitchen supplies. Like the employee in *Merlonghi*, Miller "was not at work, responding to an emergency, or driving to a work assignment—even if he was on call." *Id.* (citation omitted). Accordingly, Merlonghi supports Airway's argument for summary judgment.

Plaintiffs lastly argue the Puerto Rico Supreme Court held an employer cannot avoid liability for acts within the scope of employment simply because the employee had mixed and personal motives in carrying out a particular act. Dkt. 144 at 4 (citing *Lloréns*, 73 P.R.D. 271). In *Lloréns*, a sugarcane worker parked a truck on the shoulder of a road close to his home because he believed he would not reach the employer's processing facility before it closed for the day. 73 P.R.D. at 275–76. The employee left the truck on the roadside so he could deliver the sugarcane early the next morning, as he believed his employer wanted. *Id.* Thus, the *Lloréns* court determined the worker's actions had personal and professional motives. *Id.* Plaintiffs also cite *Sanchez Soto v. Estado Libre Asociado de Puerto Rico*, 128 P.R.D. 497 (1991) to support their dual motive argument. Dkt. 144 at 5. In *Sanchez Soto,* an off-duty police officer accidently shot someone while attempting to hide his service weapon during a late-night domino game. 128 P.R.D. at 500. The court found the officer's negligent acts had a dual motive because he personally wanted to avoid attracting attention, but he was carrying his weapon for the benefit of his employer, which required that he always be armed even when he was off duty. *Id.* at 503.

However, no dual-motive finding is warranted here. As discussed, Miller drove to Ponce to buy a kitchen knife for his own use. Plaintiffs argue Miller was "captive" in Puerto Rico because

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 13 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                              13
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

he could not return to his home in Oregon when he was not working and was effectively on-call 24/7 solely for Airway's benefit. Dkt. 115 at 10. Thus, they say, his trip to the mall evinced a dual motive because it facilitated his work with Airway which needed him to perform activities of daily living to carry out his job as a Wind Turbine Technician. Dkt. 144 at 4. However, Plaintiffs admitted Miller was not on-call at the time of the accident. Pls.' SUMFs ¶ 24. Further, Plaintiffs cite no authority supporting their "captive" employee theory. Accepting Plaintiffs' argument would render employers who temporarily transfer employees to far-away locations vicariously liable for those employees' car accidents while running countless personal errands at grocery stores, malls, banks, and other locations. However, whether they work in their hometown or have been transferred to a remote locale, all employees need to perform these quotidian activities to carry out their jobs. It is unclear why employers should be vicariously liable for the acts of the latter, but not the former. As discussed above, the scope-of-employment analysis under *Borrego* requires activities be reasonably related to one's employment before an employer incurs vicarious liability. *Borrego*, 790 F.2d at 7. The cited caselaw's focus on whether employees were heading to or from a work-related event does not support Plaintiffs' broad interpretation of this inquiry.

Moreover, commuting is an activity of daily living employees must perform to carry out their jobs. Plaintiffs fail to explain how their broad interpretation of the dual motive theory outlined in *Lloréns*, which would seemingly render employers liable for all tortious activity during employee commutes, squares with Puerto Rico's general rule that employers are not liable for such acts. *See Borrego*, 790 F.2d at 7. For all the above reasons, Airway's motion for summary judgment on Plaintiffs' and Mercado's vicarious liability claims is **GRANTED**.

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 14 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                14
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

### B. Statutory Liability as Vehicle "Owner"

Plaintiffs and Mercado also allege Airway is liable Puerto Rico Law 230, 9 L.P.R.A. § 5621, as the "owner" of the vehicle Miller was driving at the time of the accident. Dkts. 61 ¶ 18, 62 ¶ 27. Airway argues it is not liable because Miller, not it, rented the vehicle, and is thus considered its owner under the law. Dkt. 105 at 15–19. Puerto Rico law addresses the issue of liability for accidents involving rental cars as follows:

> The owner of a motor vehicle shall be liable for damages when fault or negligence is involved while operating said motor vehicle when the same is being operated by or is under the actual physical and real control of any person who, with the main purpose of operating it or having or allowing it to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner.
>
> . . .
>
> Absent fault or negligence, the owner of a motor vehicle who is engaged in the lease or rental of motor vehicles shall not be responsible for damages caused to third parties as a result of the use, operation, or possession of said the [sic] motor vehicle by a renter or lessee while a short- or long-term lease is in effect.

9 L.P.R.A. § 5621. The parties agree that, when the car in question is rented, this statute shifts tort liability from the car owner to the car renter. *See* Dkt. 105 at 10 ("[T]he last paragraph of [9 L.P.R.A. § 5621] shifts the burden of responsibility for tortious acts from the owners of the car, who are generally responsible, to the renter of the car when the vehicle involved is a rental."); Dkt. 115 at 19 ("[Airway] is the Renter under the Global Agreement, and thus the 'owner' of the vehicle for purposes of liability under [9 L.P.R.A. § 5621].").

Puerto Rico enacted this statute in response to the federal Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), 49 U.S.C. § 30101 et seq. *See Ley de Vehículos y Tránsito*, Law 230 of December 30, 2010, 9 L.P.R.A. § 5621. SAFETEA-LU preempted state[1] laws imposing liability on car owners engaged in the business of

---

[1] Puerto Rico is defined as a state under the SAFETEA-LU. *See* 49 U.S.C. § 30102(a)(12).

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 15 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                   15
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

renting vehicles to "persons" for damages while a car was rented. 49 U.S.C. § 30106(a). A person is defined as an "individual, corporation, company, limited liability company, trust, association, firm, partnership, society, joint stock company, or any other entity." *Id.* § 30106(c)(3). The federal statute does not state how to determine who is considered the "renter." And while Puerto Rico's vehicle code does not define its use of "renter," it states elsewhere that car rental agencies "may not rent or lease a motor vehicle to another person until [without examining] his/her driver's license and verif[ying] that said person is lawfully authorized to drive." *Id.* § 5551. Further, it states a vehicle leaseholder is, "any natural or juridical person in possession of a vehicle through lease from its titleholder." *Id.* § 5001(8).

Generally, courts give undefined statutory language its ordinary meaning, which they determine using dictionaries. *See Penobscot Nation v. Frey*, 3 F.4th 484, 491 (1st Cir. 2021), *cert. denied sub nom. United States v. Frey*, 212 L. Ed. 2d 578, 142 S. Ct. 1668 (2022), *and cert. denied*, 212 L. Ed. 2d 578, 142 S. Ct. 1669 (2022). However, Puerto Rico's unique status complicates this analysis. Like all Puerto Rico statutes, the Commonwealth's Vehicle and Transit Code was originally written in Spanish. This court requires Spanish-language documents be translated into English to be considered as evidence. *See* D.P.R.R. 5(c). On this record, it is unclear what Puerto Rico's legislature meant by its use of the word "renter," written as "arrendatario" in Spanish, or how courts should determine a renter's identity. *See* 9 L.P.R.A. § 5621. However, as discussed, Puerto Rico's statute was written to comply with federal law addressing the issue of rental car liability. Thus, I turn to English dictionaries to determine what Congress meant in its use of the word "renter." Merriam Webster's Dictionary circularly defines a renter as "one that rents." *Renter*, Merriam-Webster, https://www.merriam-webster.com/dictionary/renter (last visited Apr. 19, 2023). The verb "rent," in turn, is defined somewhat less-circularly as "to take and hold under

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                                     16
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

an agreement to pay rent." *Rent*, Merriam-Webster, https://www.merriam-webster.com/dictionary/rent (last visited Apr. 19, 2023). Airway is the party to what it contends is the controlling agreement governing the rental and admittedly paid for the vehicle pursuant to that agreement. Dkt. 128 at 11. A reasonable jury could thus find that Airway was the renter under Puerto Rico law. Accordingly, I find Airway is not entitled to summary judgment based on the statute's language.

Airway next argues Miller clearly identified himself as the renter in the car Rental Agreement and Enterprise recognized him as such. Dkt. 105 at 15. It cites no authority supporting the proposition that the labels parties give themselves is relevant for determining tort liability under Puerto Rico law. Further, as mentioned, Airway contends the Services Agreement, not the Rental Agreement, governed the car rental.

Moreover, even assuming the parties' characterizations of themselves is relevant and the Rental Agreement governed the relationship, I disagree with Airway's contention that Miller clearly identified himself as the renter in that agreement. First, Airway directs my attention to the box titled "Acknowledgment of the Entire Agreement – Pages 1 Through 4." Dkt. 105 at 15 (citing Dkt. 106-4 at 1). There, it argues, Miller signed under the paragraph that begins "I, the 'renter.'" While true, that argument ignores that Miller signed next to language stating "By Renter's Rep." Dkt. 106-4 at 1. That language suggests Miller and Enterprise recognized the former to be a mere representative of the actual renter, Airway. Further, this language is no fluke. Miller signed the document's first page in three places and initialed it in four. *Id.* The phrase "Renter's Rep." appears next to two of his three signatures and all of his initials. *Id.* By contrast, the phrase "Renter" appears next to just one of his signatures. *Id.* Next, Airway argues Enterprise examined Miller's driver's license, input his name under the word "Renter," and only identified Airway as the entity to be

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 17 of 20

Lagares et al. v. Seth Elliot Miller, et al., Civil No. 20-1435 (BJM) 17
Mercado v. Airway Services Inc., et al., Civil No. 20-1489 (BJM)

billed. Dkt. 105 at 15 (citing Dkt. 106 at 3). While true, that argument bypasses the second page of the agreement where Miller is twice-more identified as the renter's representative. Dkt. 106 at 2. I note that Plaintiffs fault Airway for intentionally omitting the terms and conditions on the back of the rental agreement, Dkt. 115 at 15 n.8, and Airway protests that Plaintiffs submitted the supposedly complete copy of the agreement, including these terms, in an untimely fashion. Dkt. 128 at 9–10 n.4. I need not wade into this argument because, even examining only the originally submitted rental agreement in the light most favorable to plaintiffs, a reasonable jury could conclude the parties understood Airway to be the renter and Miller, its employee, to be Airway's representative.

As mentioned, Airway further contends the Services Agreement governed the rental. Dkt. 105 at 16. Airway argues that, under the agreement, Enterprise agreed to make vehicles available to "Eligible Renters" at stipulated rates. *Id.* (citing 106-3 at 20). Next, it argues the Services Agreement defined "Eligible Renters" as natural persons because it used male and female pronouns, Miller was the "Eligible Renter" in this situation, and Miller obtained his rental pursuant to the terms of the Services Agreement. *Id.* at 16–17. Further, it argues Miller admitted the Services Agreement controlled the terms of his rental arrangements, which were made through Airway's account. *Id.* Additionally, it argues the structure of the agreement clearly delineates that Miller was the renter and that Airway merely facilitated the payment. *Id.* at 17–18. Lastly, it notes that the Services Agreement states that its terms prevail when they conflict with terms in a Rental Agreement. *See* Dkt. 106-3 at 33. This, Airway claims, evinces the parties' understanding that Miller was the vehicle's renter.

Again, Airway cites no authority, and I have found none, supporting its argument that the Services Agreement's characterization of Airway as a "Customer" and Airway employees as

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 18 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)  18
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

"Eligible Renters" is decisive in determining the renter's identity for the purpose of Puerto Rico tort liability. Further, I do not see how Miller's understanding of the relationship between these contracts is relevant. Miller is not a lawyer and Airway offers no evidence of his ability to opine on the matter. Nevertheless, I note the Services Agreement states its terms prevail over those of Rental Agreement and that the former describes Airway as the Customer and its employees as renters. However, I also note that Miller contacted his supervisor to obtain Airway's approval before renting the vehicle, Dkt. 106-1 at 10:8–10, Airway paid for the vehicle rental, Dkt. 106-4 at 3, and Airway insists Miller obtained the vehicle pursuant to a contract between Airway and Enterprise. Dkt. 128 at 11. Given the lack of authority interpreting the definition of "renter" in the relevant statute, evidence that the word's plain meaning could support finding Airway was the renter, the presence of a contract identifying Miller as the renter's representative, and Airway's argument that Miller obtained the vehicle pursuant to its contract with Enterprise, a reasonable jury could find that Airway was the "renter" under Puerto Rico law, and thus liable to Plaintiffs and Mercado. Accordingly, Airway's motion for summary judgment regarding Plaintiffs' Puerto Rico Law 230 claim is **DENIED**.

    II.    **Endurance and Federal Insurance**

Airway's insurers, Endurance and Federal Insurance, moved to join its motion for summary judgment and its SUMFs. Dkts. 107, 108. Plaintiffs opposed arguing that the motions did not comply with Fed. R. Civ. Proc. 56(c) because they failed to discuss material facts. Dkt. 122. Endurance and Federal Insurance replied stating that they only sought summary judgment on the theory that, if Airway is not liable to Plaintiffs, they are likewise not liable to Plaintiffs. Dkts. 129, 143. They each submitted copies of their insurance policies showing that they insured Airway. Dkts. 129-1, 131-2.

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 19 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                 19
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

Plaintiffs surreplied noting that they alleged Endurance and Federal Insurance also directly insured Miller. Dkt. 148 at 1. They insist Endurance and Federal Insurance cannot argue for summary judgment on a different ground than Airway, namely that they did not insure Miller, without filing their own motions for summary judgment. *Id.* at 2. Further, they argue the insurance policies cannot be considered because they were submitted for the first time on a reply. *Id.* at 3.

I decline to wade into the parties' contentious procedural argument. Endurance and Federal Insurance sought summary judgment only on the theory that they cannot be held liable if Airway is not vicariously liable under Article 1803 as Miller's employer or liable under Puerto Rico Law 230-2010 as the Dodge Ram's renter. As discussed, Airway is not vicariously liable to Plaintiffs as Miller's employer but may be liable to Plaintiffs as the Dodge Ram's renter. Because Plaintiffs may not hold Airway vicariously liable under Article 1803, Endurance and Federal Insurance's motions for summary judgment with respect to that claim are **GRANTED**. Because Airway's summary judgment motion did not address Miller's liability under Article 1802, to the extent that Endurance and Federal Insurance moved for summary judgment on the ground that they did not insure Miller, that motion is **DENIED**. Because Miller may still be liable to Plaintiffs under Article 1802, 31 L.P.R.A. § 5141, and Law 230-2010, 9 L.P.R.A. § 5621, and Airway may still be liable under the latter statute, Endurance and Federal Insurance may likewise still be liable to Plaintiffs. Accordingly, Endurance and Federal Insurance's motions for summary judgment with respect to those claims are **DENIED**.

## CONCLUSION

For the foregoing reasons, Airway, Endurance, and Federal Insurance's motions for summary judgment are **GRANTED IN PART** and **DENIED IN PART.**

Case 3:20-cv-01435-BJM   Document 152   Filed 04/25/23   Page 20 of 20

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                              20
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

Their motions for summary judgment regarding Plaintiffs' and Mercado's Article 1803 claims are **GRANTED** and those claims are **DISMISSED with prejudice**. Their motions for summary judgment regarding Plaintiffs' and Mercado's statutory liability claim under Puerto Rico Law 230-2010, 9 L.P.R.A. § 5621 are **DENIED**. To the extent Endurance and Federal Insurance moved for summary judgment on Plaintiffs' Article 1802 claim, that motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of April, 2023.

               **S/ Bruce J. McGiverin**
               BRUCE J. MCGIVERIN
               United States Magistrate Judge