IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE LAGARES,** *et al.*,
    Plaintiffs,

v.

**SETH ELLIOT MILLER,** *et al.*,
    Defendants.

Civil No. 20-cv-1435 (BJM)

Civil No. 20-cv-1489 (BJM)

**JUANITA MERCADO,**
    Plaintiff,

v.

**AIRWAY SERVICES INC.,** *et al.*,
    Defendants.

## ORDER

Defendant Airway Services, Inc. ("Airway") moves for partial reconsideration of the court's order denying summary judgment. Docket No. ("Dkt.") 152, 157.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. . . . To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted). Merely regurgitating past arguments is not sufficient to merit reconsideration. *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.") (internal quotation marks omitted); *Palmer*, 465 F.3d at 30 (denying motion for reconsideration where "plaintiff's motion for reconsideration did no more than reiterate the arguments she earlier had advanced"). Moreover, "[t]he movant must demonstrate more than

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)  2
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

merely an error in reasoning." *United States ex rel. Williams v. City of Brockton*, No. 12-CV-12193, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016); *see Estate of Rivera v. Doctor Susoni Hosp., Inc.*, 323 F. Supp. 2d 262, 265 (D.P.R. 2004) ("[A motion for reconsideration] will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court.") (internal quotation marks and citation omitted).

Airway first argues "Law No. 22-2000[] defines *renter* as any natural or legal person that acquires **possession** of a vehicle by renting it from its registered owner." Dkt. 157 at 4 (citing 9 L.P.R.A. § 5001(8) (Airway's emphasis)). Not so. As stated in my previous order, Law No. 22-2000, known as Puerto Rico's Vehicle and Traffic Law, does not define the word "renter." Dkt. 152 at 15. The paragraph Airway refers to defines the word "leaseholder" as "any natural or juridical person in possession of a vehicle through lease from its titleholder." 9 L.P.R.A. § 5001(8). I noted this distinction in my order when citing to this definition. Dkt. 152 at 15. While I understand that people might use the terms "rent" and "lease" interchangeably, Puerto Rico's Vehicle and Traffic Law does not. The section of that statute at issue in this case reads in the relevant part as follows:

> Absent fault or negligence, the owner of a motor vehicle who is engaged in the **lease or rental** of motor vehicles shall not be responsible for damages caused to third parties as a result of the use, operation, or possession of said the [sic] motor vehicle by a **renter or lessee** while a short- or long-term lease is in effect.

9 L.P.R.A. § 5621 (emphasis added). As I stated previously, the parties here agree that this statute shifts tort liability from the car owner to the car renter. Dkt. 152 at 14. Statutes should be construed "so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004); *see also Bailey v. United States*, 516 U.S. 137, 146 (1995) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning."). Thus, contrary to Airway's contention, Law 22-2000 does not define the word

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)  3
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

"renter." And because it distinguishes between a "renter" and a "lessee," its definition of "leaseholder" is not grounds for reconsidering my previous order.

Airway also notes Puerto Rico's Civil Code defines a lessee as "a person who acquires the use of the thing or a right to the work or service, for which he binds himself to pay." 31 L.P.R.A. § 4031. This statute likewise defines the word "lessee," not "renter." It is also not clear that it applies to vehicle rentals because it is found in the Civil Code chapter entitled "Leases of Rural and Town Property." *See id.* Further, Airway never cited this provision of Puerto Rico's Civil Code when arguing Miller was the "renter" during the summary judgment stage of these proceedings. Reconsideration is not to be used "to advance arguments that could and should have been presented to the district court prior to judgment." *Allen*, 573 F.3d at 53. Accordingly, this statute does not warrant reconsideration of my prior order.

Airway next argues the federal SAFETEA-LU act, otherwise known as the Graves Amendment, warrants reconsidering my previous order. Dkt. 157 at 5–6. "That amendment exempts rent-acar [sic] companies from vicarious liability for accidents caused by individuals driving rented vehicles." *Universal Ins. Co. v. Off. of Ins. Com'r*, 2012 WL 4894668, at *2 (D.P.R. Oct. 15, 2012), *aff'd*, 755 F.3d 34 (1st Cir. 2014). It reads:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State[1] or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

---

[1] Puerto Rico is defined as a state under the SAFETEA-LU. *See* 49 U.S.C. § 30102(a)(12).

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)  4
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

49 U.S.C. § 30106(a). The law in turn defines "owner" as follows:

> The term "owner" means a person who is--
>
> (A) a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle;
>
> (B) entitled to the use and possession of a motor vehicle subject to a security interest in another person; or
>
> (C) a lessor, lessee, or a bailee of a motor vehicle, in the trade or business of renting or leasing motor vehicles, having the use or possession thereof, under a lease, bailment, or otherwise.

49 U.S.C. § 30106(d)(2). As I explained in my previous order, the SAFETEA-LU act preempted state laws imposing liability on vehicle owners engaged in the vehicle-rental business for damages that occurred while a car was rented. Dkt. 152 at 14–15. Puerto Rico enacted its statute governing this issue, discussed above, in response to SAFETEA-LU's passage. *See Ley de Vehículos y Tránsito*, Law 230 of December 30, 2010, 9 L.P.R.A. § 5621. As a result, Airway argues this court should interpret Law 230 and SAFETEA-LU "as if they were one law" under the doctrine of *in pari materia*. Dkt. 157 (collecting cases). Highlighting paragraph (C) of SAFETEA-LU's definition of an "owner," Airway argues that only Miller can be liable for damages caused by the accident because he had undisputed use and possession of the vehicle. Dkt. 157 at 5–6.

There are several issues with this argument. First, as mentioned, the SAFETEA-LU was enacted to shield rental car companies from liability for the actions of vehicle renters. *Universal Ins. Co.*, 2012 WL 4894668, at *2. It was not enacted to shield employers of those drivers, such as Airway, from liability. Second, because the SAFETEA-LU act is a statutory bar to liability, a finding that it does not immunize Miller does not necessarily render him solely liable as a matter of law, nor does it absolve Airway. Put simply, while the SAFETEA-LU defines who is *not* liable, it does not say who is. Airway argues that because Miller had use or possession of the vehicle here,

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                                          5
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

he was thus the "owner" of that vehicle under the SAFETEA-LU. *See* 49 U.S.C. § 30106(d)(2)(C). Airway misreads the statute. Section 30106(d)(2)(C) defines owners as persons who are (1) a lessor, lessee, or a bailee of a motor vehicle; (2) in the business of renting or leasing motor vehicles; (3) having use of possession thereof; (4) under a lease, bailment, or otherwise. *Id.* Airway appears to believe that because Miller meets the third prong listed in this paragraph, he is thus an "owner" for the purposes of Puerto Rico's Law 230 under the doctrine of *in pari materia*. However, even if Miller had use or possession of the vehicle, he was not a lessor, lessee, or bailee. As discussed, Airway strenuously argues Miller was a "renter" of the vehicle at issue here. And like Law 230, the SAFETEA-LU differentiates between renting and leasing. *See Id.* § 30106(a) ("An owner of a motor vehicle that rents or leases the vehicle to a person . . . "). Accordingly, Airway's citation to the SAFETEA-LU's definition of "owner" does not warrant reconsideration of this court's previous order.

Airway insists that, even if there is a lack of authority regarding the definition of "renter," that does not create a triable issue for a jury because this case involves applying the law to the text of a contract. Dkt. 157 at 6, 17–18 (citing *Emergency One, Inc. v. Am. FireEagle, Ltd.*, 228 F.3d 531, 537 (4th Cir. 2000)). I disagree. Airway cites no authority that the text of the contract is decisive when determining the identity of a vehicle renter liable in tort under Puerto Rico's Law 230. And as discussed below, a reasonable jury could find Airway was the "renter."

Airway argues that the Corporate Agreement between itself and Enterprise, the company from which the vehicle was rented, is dispositive and supersedes the agreement Miller signed when he retrieved the vehicle from Enterprise. Airway argues the former contract states, "[i]n the event of a direct conflict between the terms of this [Corporate] Agreement and the terms of any Rental Contract, the terms of this [Corporate] Agreement will govern." Dkt. 157 at 8. I took note of this

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                                                  6
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

language in my previous order and analyzed the Corporate Agreement as though it governed the parties' relationship. Dkt. 152 at 18. Thus, I see no need to reconsider this argument here.

Airway lastly argues that the Corporate Agreement settles the issue of the renter's identity because it repeatedly refers to Airway employees, such as Miller, as "renters" and Airway as the "customer." Dkt. 157 at 6–9. Airway made this same argument in its motion for summary judgment. Dkt. 105 at 16–18. I addressed its argument in my order. Dkt. 152 at 17–18. Now, Airway further argues Miller was clearly the "renter" because "a contract term is 'clear' when it is lucid enough to be understood in one sense alone, without leaving any room for doubt, controversies, or difference of interpretation." Dkt. 157 at 6 (citing *Home Ins. Co. v. Pan Am. Grain Mfg. Co.*, 397 F.3d 12, 16 (1st Cir.2005) (further citations omitted)).

*Home Ins. Co.* involved a dispute between a marine insurer and a shipowner over how to interpret their settlement agreement. *Id.* at 13–14. Under the agreement, the insurance company paid the shipowner $3.3 million and the shipowner agreed to pay the insurance company one-third of any future recovery from third parties until it had paid $1.3 million. *Id.* at 14. The agreement also stated that, until the insurance company had recouped its $1.3 million, the shipowner was required to notify it of any proposed third-party settlement and obtain approval before agreeing to a settlement. *Id.* However, the insurance company had no right to any "verdict or award in favor of [the shipowner] that specifically and separately award(s) [the shipowner] a recovery for punitive damages and/or loss of use." *Id.* After the insurer learned the shipowner had recovered $800,000 without providing notice or receiving consent, the insurer sued for breach of the settlement agreement and fraudulent inducement. *Id.* The shipowner argued its recovery was compensation for loss of use. *Id.* However, the court found that "irrespective of how the proceeds of that

Case 3:20-cv-01435-BJM   Document 164   Filed 06/13/23   Page 7 of 8

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                                           7
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

settlement may have been labeled" by the shipbuilder, they could not be construed as compensating for loss of use under the relevant law. *Id.* at 18.

Similarly, though Airway and Enterprise may have labeled Airway employees like Miller as "eligible renters" in their contract, that does not necessarily make Miller a "renter" as that word is used to determine liability in Puerto Rico's Law 230. Law 230 does not define its use of the word "renter." And it never indicates that courts should defer to a party's label of itself when making this determination. As discussed in my order, when words in a statute are not defined, courts turn to dictionaries to determine their meaning. Dkt. 152 at 15–16. Because Puerto Rico's law was written to comply with the SAFETEA-LU, I noted that Congress did not define its use of "renter" in that statute and turned to Merriam Webster's Dictionary for guidance. *Id.* It defines a "renter" as "one that rents," and defines the verb "rent" to mean, "to take and hold under an agreement to pay rent." *Renter*, Merriam-Webster, https://www.merriam-webster.com/dictionary/renter (last visited May 30, 2023); *Rent*, Merriam-Webster, https://www.merriam-webster.com/dictionary/rent (last visited May 30, 2023). As I noted before, Airway is the party to what it contends is the controlling agreement governing the rental and admittedly paid for the vehicle pursuant to that agreement. Dkt. 152 at 16 (citing Dkt. 128 at 11). Airway's recitation of its previous argument inevitably leads me to my previous conclusion. A reasonable jury could find that Airway was the "renter" under Puerto Rico's Law 230.

Airway's motion to partially reconsider neither presented newly discovered evidence nor demonstrated that the court "committed a manifest error of law." *Palmer*, 465 F.3d at 30. Accordingly, its motion is **DENIED**.

*Lagares et al. v. Seth Elliot Miller, et al.*, Civil No. 20-1435 (BJM)                                                                 8
*Mercado v. Airway Services Inc., et al.*, Civil No. 20-1489 (BJM)

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 13th day of June 2023.

                                      **S/Bruce J. McGiverin**
                                      BRUCE J. MCGIVERIN
                                      United States Magistrate Judge